UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| RAFAEL BALANQUET, | ) | CASE NO. 4:09 CV 520 |
| | ) | |
| Plaintiff, | ) | JUDGE PETER C. ECONOMUS |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| NORTHEAST OHIO CORRECTIONAL | ) | AND ORDER |
| CENTER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

Pro se plaintiff Rafael Balanquet filed this civil rights action against Northeast Ohio Correctional Center ("NEOCC"), Corrections Corporation of America ("CCA"), NEOCC Warden Joseph Gunja, Chief Security Officer Eric Staiger, "SIS" Officer Aponte, "SIS" Officer Vargas, "SRO" Officer Lt. Hivner, and Case Manager D. Yemma. In the complaint, plaintiff asserts he was held in administrative segregation and subjected harsh conditions in violation of the Eighth and Fourteenth Amendments. He seeks monetary damages.

**Background**

Mr. Balanquet claims that on October 30, 2007, Warden Gunja, Mr. Staiger, SIS Officer Aponte, SIS Officer Vargas, and Case Manage D. Yemma removed him from the general

prison population to administrative segregation. He contends NEOCC had reason to believe Dominican inmates were trying to organize a riot. He believes they incorrectly identified him as being of Dominican nationality. He indicates that although he informed them that he was from Cuba, he remained in administrative segregation.

Mr. Balanquet was kept in segregation for more than eight months. He claims that in March 2008, he was told he was in protective custody because he was involved in an altercation with another inmate. He states after eight months, "Lt. Hivner would have found a way of justify [sic] my continuing unconstitutional segregation by charging me with 'Threatening him with bodily injury/Assaulting any person' because I kick a table with my feet during a monthly review hearing...." (Compl. at 4.) He further contends, "Mr. Yemma, NEOCC staff/Case Manager, sitting as DHO, would have put the las [sic] nail in the coffin by sentencing [him] to 54 days loss of Good Time." (Compl. at 4.) He indicates he was finally released from segregation on September 30, 2008 to a control unit and from there to the general population on December 19, 2008. He states he was told he was "persona non grata" in the general population. (Compl. at 5.) He asserts that his placement in segregation violated the Fourteenth Amendment.

In addition, Mr. Balanquet claims he was subjected to cruel and inhuman conditions during his confinement in segregation. He contends the light in his cell was on all day and night, making it difficult to sleep. He states he was not permitted to have recreation time, or to visit with his family. He claims he became depressed and anxious. Mr. Balanquet asserts that the defendants violated his Eighth Amendment rights.

**Analysis**

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss an in forma pauperis action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] Neitzke v. Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, the claims asserted against NEOCC, and CCA are dismissed pursuant to §1915(e).

There are no allegations against CCA or NEOCC in the pleading. It appears, however, that these entities are named in this action simply because they employ the other defendants. "Supervisory liability under § 1983 cannot attach where the allegation of liability is based upon a mere failure to act." Bass v. Robinson, 167 F.3d 1041, 1048 (6th Cir.1999) (citing Leach v. Shelby County Sheriff, 891 F.2d 1241, 1246 (1989)). Rather, the supervisors must have actively engaged in unconstitutional behavior. Id. Therefore, liability must lie upon more than a mere right to control employees and cannot rely on simple negligence. Id. While CCA may own and operate NEOCC, which in turn, hires the individuals against whom allegations are leveled, the plaintiff must prove that they did more than play a passive role in the alleged violations to hold them

---

[1] An in forma pauperis claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

liable. Id. He must show that the supervisors somehow encouraged or condoned the actions of their employees. Id.; see also Copeland v. Machulis, 57 F.3d 476, 481 (6th Cir.1995). There are no allegations in the complaint that indicate CCA or NEOCC violated Mr. Balanquet's constitutional rights.

## Conclusion

Accordingly, plaintiff's claims against Corrections Corporation of America and Northeast Ohio Correctional Center are dismissed pursuant to 28 U.S.C. §1915(e). The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith. This action shall proceed solely on Mr. Balanquet's claims against Warden Joseph Gunja, Chief Security Officer Eric Staiger, "SIS"Officer Aponte, "SIS" Officer Vargas, "SRO" Officer Lt. Hivner, and Case Manager D. Yemma. The Clerk's Office is directed to forward the appropriate documents to the U.S. Marshal for service of process and shall include a copy of this order in the documents to be served upon the defendants.

IT IS SO ORDERED.

s/Peter C. Economus   7/24/2009
PETER C. ECONOMUS
UNITED STATES DISTRICT JUDGE