PEARSON, MJ

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| RAFAEL BALANQUET, | CASE NO. 4:09-CV-00520 |
| Plaintiff, | JUDGE SOLOMON OLIVER, JR. |
| v. | MAGISTRATE JUDGE BENITA Y. PEARSON |
| NORTHEAST OHIO CORRECTIONAL CENTER/CORRECTIONAL CORPORATION OF AMERICA (CCA), *et al.*, | |
| Defendants. | **REPORT AND RECOMMENDATION** |

*Pro se* Plaintiff Rafael Balanquet filed this civil rights action against Northeast Ohio Correctional Center ("NEOCC"), Corrections Corporation of America ("CCA"), NEOCC Warden Joseph Gunja, Chief Security Officer Eric Staiger, "SIS" Officer Aponte, "SIS" Officer Vargas, "SRO" Officer Lt. Hivner, and Case Manager D. Yemma.[1] In the complaint, Balanquet asserts he was held in administrative segregation and subjected to harsh conditions in violation of the Eighth and Fourteenth Amendments. He seeks monetary damages.

---

[1] Balanquet's claims against Corrections Corporation of America and Northeast Ohio Correctional Center were dismissed pursuant to 28 U.S.C. §1915(e). ECF No. 8. This action proceeds on Balanquet's claims against remaining Defendants Warden Joseph Gunja, Chief Security Officer Eric Staiger, "SIS"Officer Aponte, "SIS" Officer Vargas, "SRO" Officer Lt. Hivner, and Case Manager D. Yemma. ECF No. 8.

(4:09-CV-00520)

Defendants Joseph Gunja, Eric Staiger, Officer Aponte, Officer Vargas, Lt. Hivner and Case Manager Yemma (hereinafter collectively "Defendants") by and through undersigned counsel, have moved the Court to grant summary judgment pursuant to Fed. R. Civ. P. 56. Federal Rule of Civil Procedure 56. (ECF No. 23). Based upon the pleadings and applicable law, the undersigned recommends granting Defendants' Motion for Summary Judgment.

## I. Facts & Procedural History

Balanquet claims that on October 30, 2007, Warden Gunja, Staiger, SIS Officer Aponte, SIS Officer Vargas, and Case Manager D. Yemma removed him from the general prison population to administrative segregation. He contends NEOCC had reason to believe Dominican inmates were trying to organize a riot and that he was erroneously identified as being of Dominican nationality. He indicates that although he informed them that he was from Cuba, he remained in administrative segregation.

Balanquet also contends that he was kept in segregation for more than eight months. In March 2008, he was told that he was in protective custody because he was involved in an altercation with another inmate. He states that, after eight months, "Lt. Hivner would have found a way of justify [sic] my continuing unconstitutional segregation by charging me with 'Threatening him with bodily injury/Assaulting any person' because I kick a table with my feet during a monthly review hearing. . . ." (Compl. at 4.). He further contends, "Mr. Yemma, NEOCC staff/Case Manager, sitting as DHO, would have put the las[t] nail in the coffin by sentencing [him] to 54 days loss of Good Time." (Compl. at 4.). He indicates that he was finally released from segregation to a control unit on September 30, 2008, and from there to the general

(4:09-CV-00520)

population on December 19, 2008. He states he was told he was "persona non grata" in the general population. (Compl. at 5.). He asserts that his placement in segregation violated the Fourteenth Amendment.

Additionally, Balanquet claims he was subjected to cruel and inhumane conditions during his confinement in segregation. He contends the light in his cell was on all day and night, making it difficult to sleep. He states he was not permitted to have recreation time, or to visit with his family. He claims he became depressed and anxious. Balanquet asserts that the defendants violated his Eighth Amendment rights.

Defendants allege that they are entitled to summary judgment because Balanquet failed to exhaust all available administrative remedies prior to filing suit, in contravention of the Prison Litigation Reform Act (PLRA). Defendants also allege that although Plaintiff filed several "Informal Requests to Staff" concerning a variety of complaints, he never filed an actual grievance during his incarceration at NEOCC, thereby failing to exhaust his administrative remedies prior to filing the instant lawsuit. Further, Defendants alleges that Balanquet did not sustain any actual physical injury, as required by the PLRA.

## II. Legal Standard

Federal Rule of Civil Procedure 56(c) governs motions summary judgment, and provides in pertinent part:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law . . . .

The movant, however, is not required to file affidavits or other similar materials negating a claim

(4:09-CV-00520)

on which its opponent bears the burden of proof, so long as the movant relies upon the absence of the essential element in the pleadings, depositions, answers to interrogatories, and admissions on file. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986).

Upon review, the Court must view the evidence in light most favorable to the non-moving party to determine whether a genuine issue of material facts exists. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144 (1970); *see also White v. Turfway Park Racing Ass'n*, 909 F.2d 941, 943-44 (6th Cir. 1990). A fact is "material" only if its resolution will affect the outcome of the lawsuit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Determination of whether a factual issue is "genuine" requires consideration of the applicable evidentiary standards. Thus, in most civil cases, the Court must decide "whether reasonable jurors could find by a preponderance of the evidence that the [non-moving party] is entitled to a verdict." *Id.* at 252.

Summary judgment is appropriate whenever the non-moving party fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. *Celotex*, 477 U.S. at 322. Moreover, "the trial court no longer has a duty to search the entire record to establish that it is bereft of a genuine issue of material fact." *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479-80 (6th Cir. 1989) (citing *Frito-Lay, Inc. v. Willoughby*, 863 F.2d 1029, 1034 (D.C. Cir. 1988)). The non-moving party is under an affirmative duty to point out specific facts in the record as it has been established that create a genuine issue of material fact. *Fulson v. Columbus*, 801 F.Supp. 1, 4 (S.D. Ohio 1992). The non-movant must show more than a scintilla of evidence to overcome summary judgment; it is not enough for the non-moving party to show that there is some

(4:09-CV-00520)

metaphysical doubt as to material facts.  *Id.*

Balanquet did not respond to Defendants' motion for summary judgment.  However, "a district court cannot grant summary judgment in favor of a movant simply because the adverse party has not responded."  *Carver v. Bunch*, 946 F.2d 451, 455 (6th Cir.1991).  "The moving party always bears the initial burden of specifying the basis on which summary judgment should be granted and showing the absence of a genuine issue of material fact and the court is required to examine the motion to determine if that burden has been met."  *Neal v. Electronic Arts, Inc.*, 374 F. Supp. 2d 574, 578 (W.D. Mich. 2005) (citing *Cacevic v. City of Hazel Park*, 226 F.3d 483, 486, 492 (6th Cir.2000) and *Carver*, 946 F.2d at 454-55)

### III. Discussion

#### A.  Lack of Exhaustion of Administrative Remedies

The Prison Litigation Reform Act of 1995 (PLRA) provides, "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  The Supreme Court has explained that the PLRA requires "proper exhaustion"; that is, before filing suit, inmates must use all of the steps that the institution holds out in order to allow the institution to address the issue on the merits.  *See Woodford v. Ngo*, 548 U.S. 81, 90, 126 S. Ct. 2378, 165 L. Ed. 2d 368 (2006); *see also Jones v. Bock*, 549 U.S. 199, 127 S. Ct. 910, 922, 166 L. Ed. 2d 798 (2007) ("In *Woodford,* we held that to properly exhaust administrative remedies prisoners must 'complete the administrative review process in accordance with the applicable procedural rules'. . . .").

(4:09-CV-00520)

"Compliance with prison grievance procedures . . . is all that is required by the PLRA to 'properly exhaust.'"  *Jones*, 127 S. Ct. at 922-23.

In their motion for summary judgment, Defendants assert that Balanquet failed to exhaust his administrative remedies in accordance with the PLRA. ECF No. 23 at 11. Defendants contend that despite the availability of administrative remedies to all of Balanquet's complaints at the NEOCC, Balanquet failed to comply with the established grievance procedure. ECF No. 23 at 11. In support of this position, Defendants submitted the affidavit of Jillian Shane, Executive Assistant and Facility Grievance Officer at NEOCC. ECF No. 23-5 at 2. Shane outlines the NEOCC's grievance procedures and states that a review of the facility's records indicate that no formal grievances or appeals were filed by Balanquet concerning the allegations contained in his complaint. ECF No. 23-5 at 2-5.

Defendants' exhaustion argument is well taken. The Court finds that Defendants' evidence satisfies their burden of demonstrating that Balanquet did not properly exhaust his administrative remedies. As discussed above, proper exhaustion means using all of the steps required in an agency's grievance process in order for the agency to address issues on the merits. *Woodford*, 126 S. Ct. at 2385. The record before the Court unequivocally demonstrates that, prior to filing the underlying lawsuit, Balanquet did not avail himself of all of the steps of NEOCC's grievance process,[2] therefore, Balanquet's claims are unexhausted. Although Balanquet asserts that he took "all the steps" in the prisoner grievance procedure (Compl. at 2.),

---

[2] Defendants state that Balanquet filed several informal "Inmate Request to Staff" forms, however Balanquet never actually filed a grievance, which is the next step in the NEOCC's grievance process. ECF No. 23 at 5-7.

(4:09-CV-00520)

the record is devoid of any evidence of exhaustion. Balanquet did not respond to Defendants' Motion for Summary Judgment, therefore he has not refuted Defendants' argument. Accordingly, Defendants are entitled to summary judgment on that basis. *See Veasy v. Fisher, 307 F. App'x 614 (3rd Cir. 2009)* (affirming summary judgment where inmate presented no evidence that he exhausted his administrative remedies in response to defendants' motion for summary judgment on the basis of failure to exhaust); *see also Burke v. Morgan*, 2010 U.S. Dist. Lexis 15813 (E.D. Ky. 2010) ("As [the prisoner] did not respond to the merits of [defendants'] motion, the Court must conclude that [the prisoner] has waived any opposition to their argument that he failed to exhaust his administrative remedies.") (citing *Humphrey v. United States*, 279 Fed.Appx. 328, 2008 WL 2080512 at **3 (6th Cir. 2008))

### B. Other Grounds for Dismissal

Alternatively, Defendants contend that summary judgment is also appropriate because Balanquet cannot establish that Defendants violated Balanquet's due process rights nor can Balanquet establish that he sustained physical injury, which is required under the PLRA. ECF No. 23 at 8-12. Although the Court recognizes that there is validity to these arguments, in the interest of judicial efficiency and economy, the Court declines to discuss whether summary judgment should be granted on these alternative grounds as it is readily apparent that Balanquet's complaints must be dismissed due to his failure to exhaust administrative remedies.

### IV. Conclusion

Because the record before the Court reveals that Balanquet did not exhaust his

(4:09-CV-00520)

administrative remedies before filing the instant action, the undersigned recommends that

Defendants' motion for summary judgment be granted in favor of all remaining defendants.

| | |
|---|---|
| December 23, 2010 | s/ *Benita Y. Pearson* |
| Date | United States Magistrate Judge |

**OBJECTIONS**

Objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order. *See* United States v. Walters, 638 F.2d 947 (6th Cir. 1981); *see also* Thomas v. Arn, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).