UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| RAFAEL BALANQUET, *Pro Se*, | ) | Case No.: 4:09 CV 520 |
| Plaintiff | ) | |
| v. | ) | JUDGE SOLOMON OLIVER, JR. |
| NORTHEAST OHIO CORRECTIONAL CENTER/CORRECTIONAL CORPORATION OF AMERICA (CCA), *et al.*, | ) | |
| Defendants | ) | ORDER |

*Pro Se* Plaintiff Rafael Balanquet filed this civil rights action against Northeast Ohio Correctional Center ("NEOCC"), Corrections Corporation of America ("CCA"), NEOCC Warden Joseph Gunja, Chief Security Officer Eric Staiger, "SIS" Officer Aponte, "SIS" Officer Vargas, "SRO" Officer Lt. Hivner, and Case Manager D. Yemma.[1] In the Complaint, Balanquet asserts he was held in administrative segregation and subjected to harsh conditions in violation of the Eighth and Fourteenth Amendments. He seeks monetary damages.

Defendants Joseph Gunja, Eric Staiger, Officer Aponte, Officer Vargas, Lt. Hivner and Case

---

[1] Balanquet's claims against Corrections Corporation of America and Northeast Ohio Correctional Center were dismissed pursuant to 28 U.S.C. § 1915(c). ECF No. 8. This action proceeds on Balanquet's claims against remaining Defendants Warden Joseph Gunja, Chief Security Officer Eric Staiger, "SIS" Officer Aponte, "SIS" Officer Vargas, "SRO" Officer Lt. Hivner, and Case Manager D. Yemma. ECF No. 8.

Manager Yemma by and through undersigned counsel, have moved the court to grant summary judgment pursuant to Federal Rule of Civil Procedure 56. This case was referred to Magistrate Judge Benita Y. Pearson for preparation of a report and recommendation. The Magistrate Judge issued her Report and Recommendation ("R &R") on December 23, 2010 (ECF No. 25), recommending that summary judgment be granted in favor of all remaining defendants for Balanquet's failure to exhaust administrative remedies before filing suit as required by the Prison Litigation Reform Act of 1995 (PLRA). 42 U.S.C. § 1997e(a).

As of the date of this order, Balanquet has not filed any objections to the Report and Recommendation. By failing to do so, he has waived the right to appeal the Magistrate Judge's recommendation. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).

The court finds that, after *de novo* review of the Report and Recommendation and all other relevant documents, this court adopts the Magistrate Judge's conclusion that the claims should be dismissed for failure to exhaust the administrative remedies prior to filing suit. However, it is necessary to clarify her ruling and to modify it to the extent it is unclear in regards to the nature of the dismissal. While Magistrate Judge Pearson said summary judgment was granted for failure of Balanquet to exhaust his administrative remedies, dismissal without prejudice is normally the proper remedy for such a failure. Nonetheless, there are some grounds where dismissal with prejudice is warranted. *See Shane v. Fauver*, 213 F.3d 113, 115-17 (3rd Cir. 2000) (stating futility is a ground that could justify a denial of leave to amend complaint). In this case, the court clarifies that case is being dismissed with prejudice because of futility. Balanquet was given notice regarding the futility argument put forth by Defendants, but failed to respond at all to the Motion for Summary Judgment.

NEOCC's inmate grievance procedure outlines the steps inmates must take and the time frame in which the inmate must act. (Inmate/Resident Grievance Procedures, ECF No. 23-5.) Inmates receive a copy of this policy through the Inmate Information Handbook, when they arrive, and the grievance policy and procedure is explained during the unit admission and orientation program. (Aff. of Jillian Shane, ECF No. 23-5.) Balanquet acknowledged receipt of this Handbook. (Exhibit C, ECF No. 23-5.) Inmates should first pursue the informal resolution process by submitting an Inmate/Resident Request to Staff Member form. Balanquet did submit several of these forms. The inmate should pursue the formal process if he is dissatisfied or does not receive a result by filing a CCA Formal Grievance Form within seven days that the concern became known. The Facility Grievance Officer will then have fifteen days from the receipt of the grievance to conduct an investigation and respond. If dissatisfied with this decision, the inmate can appeal the decision within five days, and the Warden/Administrator will then render a written decision within fifteen days of the receipt of this appeal. Balanquet did not file any grievances while incarcerated at NEOCC. (Aff. of Jillian Shane, ECF No. 23-5.) Balanquet is unable to go back in time to comply with the policies and procedures which govern the proper exhaustion of his administrative remedies. Therefore, any further attempts at re-filing his Complaint would be futile, as there is no opportunity for Balanquet to successfully pursue the administrative process as outlined by the grievance procedure. This dismissal with prejudice is appropriate. Accordingly, the court adopts the Magistrate Judge's Report and Recommendation in part, and denies it in part. The court declines to discuss the merits of the case and whether summary judgment should be granted, as did the Magistrate Judge, on the grounds raised, since it is clear that Balanquet's claims must be dismissed for failure to exhaust administrative remedies.

The court further certifies that, pursuant to 28 U.S.C. § 1915(a)(3), an appeal from this decision could not be taken in good faith, and there is no basis upon which to issue a certificate of appealability.

IT IS SO ORDERED.

/s/*SOLOMON OLIVER, JR.*
CHIEF JUDGE
UNITED STATES DISTRICT COURT

January 31, 2011